## MATTHEW WATSON *v.* EDWARD G. W. BUTLER.

A will confers upon the devisee only such a title as the testator in his lifetime could convey.

The devise of property by will, does not enlarge the title of the testator, or give him a title where none before existed.

On appeal from the probate court of Pontotoc county; Hon. William P. Tindall, judge of the probate court.

At the February term, 1853, of the probate court of Pontotoc county, E. G. W. Butler, executor of the last will and testament of Eliza E. Donelson, deceased, late of Davidson county, Tennessee, made application, by petition, to file in said court and have recorded, a certified copy of the will of said deceased, and to take out letters of executorship upon the estate of deceased situated within the limits of this State.

Matthew Watson and Jennie Donelson answered the said petition of Butler, setting forth that he, Watson, is one of the executors of the estate of Edward B. Donelson, late of the parish of St. James, in the State of Louisiana, and the said

Jennie Donelson is the widow of the said deceased; and alleging that the said Eliza E. Donelson had no interest at the time of her death in the property situated in this State, upon which the said Butler proposes to take out letters of executorship; and that the will itself is invalid for the purposes of conveying the property mentioned in it situated in this State, and if admitted to record, and letters of executorship granted to the said Butler, it would tend to cast a cloud upon the title of Jennie Donelson, who is the sole heir, through her late husband, Edward B. Donelson, of said estate, devised by said testator, Eliza E. Donelson, and will embarrass the executors of the estate of the said Edward B. Donelson, in the management, control, and disposition of the said land.

The court granted the letters of executorship as prayed for in the petition of Butler; and Matthew Watson prayed for and obtained an appeal from said decree of the probate court to this court.

*Fontain* and *Bradford* for appellant.

*Adams* and *Dixon* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The last will and testament of Eliza E. Donelson was proved and admitted to record, in the proper court of Davidson county, and State of Tennessee.

A regularly authenticated copy of this will and proof having been produced before the probate court of Pototoc, it was admitted to probate, and letters testamentary granted thereon to the appellee.

The appellant, appearing by his answer in court, 1. Objected to the court's acting in the premises, on the ground that the testatrix, at the time of her death, was not seized of any lands in said county, as alleged by the petition; 2. That said will, if admitted to probate, would tend to throw a cloud upon the title of one Jennie Donelson, who claims under the will of Edward B. Donelson, of which the appellant is executor.

To adjudicate upon the first question, the title of appellee's

testatrix, the court would have to enter into an investigation of title, entirely foreign to its jurisdiction. If it should turn out that the testatrix really had no title to the land, the appellee will only be personally chargeable with the expense of this unnecessary proceeding. No other person can be injured in the premises.

The second point proceeds upon the ground, that the will established, will interfere with another person's title, claiming adversely to the will.

We see no force in this point. A will is but one of the many modes of conveying property. It confers upon the devisee only such title as the testator in his lifetime could convey. It never can be construed to enlarge the title of the testator, or to give him one where none before existed.

If then, as the appellant contends, the testatrix had no title to the land, he himself has given the best answer to his objection, that the will must throw a cloud over another title. His objection could only be sustained on the ground that the mere act of making a will enlarges or confirms the testator's title to property devised. The point requires no argument.

Decree affirmed.